IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **Carmen Rosa Cruz**<br><br>    **Plaintiff,**<br><br>                *v.*<br><br>**Experian Information Solutions, Inc.;** *and*<br>**Credit Plus, Inc.**<br><br>    **Defendants.** | Case No.:    1:15-cv-1989-ELH |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Experian Information Solutions, Inc. ("Experian") submits the following in answer to Plaintiff's Complaint. Each paragraph responds to the corresponding paragraph of Plaintiff's Complaint.

**RESPONSE TO PRELIMINARY STATEMENT**

1.     The allegations are legal conclusions for which no response is required. To the extent a response is required, Experian denies, generally and specifically, every allegation.

**RESPONSE TO JURISDICTION AND VENUE**

2.     Plaintiff's allegation of subject-matter jurisdiction is a legal conclusion that is not subject to denial or admission.

3.     Plaintiff's allegation of venue is a legal conclusion that is not subject to denial or admission.

**RESPONSE TO FACTUAL ALLEGATIONS**

4.     Experian is without knowledge or information sufficient to form a belief about the truth of the allegations. On that basis, Experian denies, generally and specifically, every allegation.

- 2 -

5. Experian is without knowledge or information sufficient to form a belief about the truth of the allegations. On that basis, Experian denies, generally and specifically, every allegation.

6. Experian is without knowledge or information sufficient to form a belief about the truth of the allegations. On that basis, Experian denies, generally and specifically, every allegation.

7. Experian is without knowledge or information sufficient to form a belief about the truth of the allegations. On that basis, Experian denies, generally and specifically, every allegation.

8. Experian is without knowledge or information sufficient to form a belief about the truth of the allegations. On that basis, Experian denies, generally and specifically, every allegation.

9. Experian is without knowledge or information sufficient to form a belief about the truth of the allegations. On that basis, Experian denies, generally and specifically, every allegation.

10. Experian is without knowledge or information sufficient to form a belief about the truth of the allegations. On that basis, Experian denies, generally and specifically, every allegation.

11. Experian states that this allegation states a legal conclusion for which no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, every allegation.

12. Experian states that this allegation states a legal conclusion for which no response is required. To the extent a response is required, Experian denies, generally and specifically, every allegation.

## RESPONSE TO COUNT I

13. Experian incorporates all of the foregoing paragraphs.

14. Experian states that the allegations contained therein are legal conclusions for which no response is required. To the extent a response is required, Experian admits that it is a "person" and "consumer reporting agency" as those terms are defined, respectively, by 15 U.S.C. § 1681a(b) and § 1681a(f).

15. Experian admits that 15 U.S.C. § 1681a(c) defines a "consumer" as "an individual." Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies, generally and specifically, every remaining allegation.

16. Experian admits that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) and, as such, issues "consumer reports" as defined by 15 U.S.C. § 1681a(d). Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies, generally and specifically, every remaining allegation.

17. Experian denies, generally and specifically, every allegation.

18. Experian denies, generally and specifically, every allegation.

## RESPONSE TO JURY TRIAL DEMAND

19. In response to the paragraph numbered "68," Experian admits that Plaintiff demands trial by jury on all issues so triable.

## RESPONSE TO PRAYER FOR RELIEF

20. Experian denies that Plaintiff is entitled to judgment against, or any relief from, Experian.

## AFFIRMATIVE DEFENSES

### Defense I: MITIGATION OF DAMAGES

21. Plaintiff has failed to mitigate her damages.

### Defense II: COMPARATIVE FAULT

22. Any damages allegedly sustained by Plaintiff were caused by Plaintiff's own actions or by the actions of other parties.

### Defense III: ESTOPPEL

23. Any damages allegedly sustained by Plaintiff were caused by Plaintiff's own actions or representations such that Plaintiff is estopped from any recovery.

### Defense IV: ADDITIONAL DEFENSES

24. Experian reserves the right to assert additional affirmative defenses by amendment of this pleading or by motion, as allowed by the Federal Rules of Civil Procedure.

### CONCLUSION

Experian therefore requests that this action be dismissed in its entirety with prejudice.


Dated: August 4, 2015                     Respectfully submitted,

                                          SHULMAN, ROGERS, GANDAL,
                                            PORDY & ECKER, P.A.

                                     By:      /s/ Sandy David Baron
                                          Sandy David Baron, Federal Bar ID 01531
                                          12505 Park Potomac Avenue, 6th Floor
                                          Potomac, Maryland 20854
                                          Tel: (301) 255-0547
                                          Fax: (301) 230-2891
                                          e-mail: *sbaron@shulmanrogers.com*

                                          *Counsel for Experian Information Solutions, Inc.*